IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREA RUSSMAN           )
                         ) No. 17-319
                         )
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

# OPINION AND ORDER

## SYNOPSIS

Plaintiff seeks review of the decision denying her supplemental social security income benefits. Plaintiff claims disability due to physical and mental impairments. Plaintiff's claim was denied initially, and following hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied Plaintiff's request for review. The parties' Cross-Motions for Summary Judgment are now before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I.     STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.    THE PARTIES' MOTIONS

Plaintiff first contends that the ALJ erred by failing to acknowledge or discuss her low global assessment of functioning scores ("GAF"), ranging from 35 to 50.

> [A] GAF score does not trigger any unique requirements for the ALJ to fulfill; the failure to invoke the number itself does not require remand. Rather, the question is whether the ALJ "conduct[ed] a thorough analysis of the medical evidence regarding plaintiff's mental impairments," … such that the ALJ properly "addressed the issues on which plaintiff's GAF scores were based," … In other words, even if the ALJ did not specifically mention an actual GAF number, she has provided "good reasons" for

2

> discounting the GAF score if she adequately explained why she discounted the whole
> of the source's opinion.

Nixon v. Colvin, 190 F. Supp. 3d 444 (E.D. Pa. 2016) (citations omitted).

While it remains that the ALJ must consider all record evidence, the Court notes that the American Psychiatric Association has eliminated GAF scores from the Diagnostic and Stattistical Manual of Mental Disorders, due to the GAF scale's "conceptual lack of clarity." Rubendall v. Colvin, No. 15-1266, 2016 U.S. Dist. LEXIS 119985, at *38 (M.D. Pa. Aug. 15, 2016). Nonetheless, of course, an ALJ is not permitted to "cherry pick" GAF scores, or ignore any medical evidence that contradicts his findings. Rios v. Comm'r of Soc. Sec., 444 F. App'x 532, 535 (3d Cir. 2011) (not precedential). "An ALJ's failure to include a GAF score in his or her discussion is considered to be harmless error where a claimant has not explained how the GAF score would have itself satisfied the requirements for disability in light of potentially contradictory evidence on record." Bracciodieta-Nelson v. Comm'r of Soc. Sec., 782 F.Supp.2d 152, 165 (W.D. Pa. 2011) (citations omitted).

Here, the ALJ considered the parts of the record to which Plaintiff points as containing her low GAF scores. He considered and discussed the Jefferson Regional Medical Center records that contained a GAF score of 35, as well as the records from Dr. Mukhajee and Mercy Behavioral Health that reflected GAF scores of 40 and 45. The ALJ, therefore, has conducted a thorough review of the medical evidence regarding Plaintiff's impairments. Plaintiff has not explained how the three low GAF scores would have themselves satisfied the disability requirement, in light of the evidence of record as a whole. The ALJ's reference to Plaintiff's GAF scores would have eased this Court's review, but his failure to do so does not constitute grounds for remand.

Plaintiff also challenges the ALJ's reliance on the opinion of agency non-examiner Dr. Vigna, arguing that the substantial weight afforded Dr. Vigna's opinion is unsupported by the evidence. In so doing, Plaintiff complains that the ALJ focused on Plaintiff's substance abuse and noncompliance with treatment, and did not fully discuss her treatment at Mercy Behavioral Health.

The ALJ's specific discussion of Dr. Vigna, Psy. D., was fairly cursory. He indicated that Dr. Vigna is highly experienced in the social security context, and had thoroughly reviewed the then-available documentary evidence. Further, the ALJ found that Dr. Vigna's opinion was "consistent with the documentary evidence." Again, this Court's role on review is made more difficult when specific explanation is lacking; it would have been helpful, here, if the ALJ had specifically identified the consistencies relied on. Nonetheless, the entirety of the decision makes clear that the ALJ reviewed all of the documentary evidence, and rested his decisions thereon. Courts within this Circuit have found similar explanations by an ALJ to be sufficient. See, e.g., Palmer v. Colvin, No. 15-00704, 2016 U.S. Dist. LEXIS 137760, at *41 (M.D. Pa. Aug. 25, 2016). I note, too, that Plaintiff points to no medical opinion of record that assigns work-preclusive limitations, or offers an opinion inconsistent with those of Dr. Vigna.

With respect to the ALJ's interest in Plaintiff's substance abuse and lack of compliance, I find nothing improper. The ALJ did not focus on these concepts to the exclusion of other evidence; nor did he assert that her hospitalization failed to support a claim for disability. Instead, the ALJ considered the entire record, and I find no error in his decision.

## CONCLUSION

In conclusion, I cannot conclude that the ALJ's decision was not supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

Dated: 2/23/18                                    BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREA RUSSMAN )
) No. 17-319
)
   v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**ORDER**

AND NOW, this 23rd day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court